IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CURTIS MARK GUTHRIE                                                   PLAINTIFF

v.                                        CIVIL ACTION NO. 1:22-cv-00128-TBM-BWR

LISA DODSON, *et al.*                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte* for consideration of dismissal. *Pro se* Plaintiff Curtis Mark Guthrie is an inmate of the Mississippi Department of Corrections ("MDOC") and is currently housed at the Marshall County Correctional Facility in Holly Springs, Mississippi. [18], p. 1. He filed this Complaint under 42 U.S.C. § 1983, naming Circuit Court Judge Lisa Dodson; Harrison County, Mississippi; MDOC; and the State of Mississippi as Defendants. [1], p. 1; [19], p. 1. Guthrie is proceeding *in forma pauperis*. [7]. The Court has thoroughly reviewed and liberally construed the record and concludes that this case should be dismissed with prejudice as frivolous and for failure to state a claim.

## I.   BACKGROUND

Guthrie is currently serving a three-year sentence for felony driving under the influence ("DUI"). *See* Mississippi Department of Corrections, Inmate Details, Curtis Guthrie, https://www.ms.gov/mdoc/inmate/Search/GetDetails/224613 (last accessed Nov. 10, 2022).[1] He was sentenced by the Harrison County Circuit Court on March 2, 2022. *Id.*

Guthrie says he was improperly sentenced to a term of excessive incarceration. Specifically, Guthrie alleges that he "was sentenced four separate times by Judge Lisa Dodson for the same

---

[1] The Court "may take judicial notice of matters of public record." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

charge." [22], p. 1. He avers that he was arrested for felony DUI on March 8, 2020, and jailed for three months. [24], p. 1. Guthrie says he was "rearreasted on [the] same charge" in July 2020 and "resentenced on [the] same charge" on November 29, 2021. [24], p. 1. He then attended an alcohol rehabilitation program for three months but was later "sent back to court again on [the] same charge" and finally resentenced on March 2, 2022. [24], p. 1. He is currently incarcerated based on these sentences, and neither his convictions nor sentences have been reversed on direct appeal or otherwise declared invalid or called into question. [24], p. 2.

For relief, Guthrie asked for immediate release and an unspecified measure of monetary damages. [1], p. 5. The Court severed Guthrie's habeas claims into a separate action, and his § 1983 claims for monetary damages remain pending here. [20], p. 2.

## II.   DISCUSSION

Because Guthrie is proceeding *in forma pauperis* [7], his Complaint is subject to the case-screening procedures outlined in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2). The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B). A complaint is frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992). "A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Silva v. Stickney*, No. 3:03-cv-2279-D, 2005 WL 2445433, at *3 (N.D. Tex. Sept. 30, 2005).

Having conducted the required screening, the Court finds that Guthrie's claims are barred

by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and that each

Defendant should be dismissed for a separate alternative reason. Therefore, Guthrie's Complaint

is both frivolous and fails to state a claim upon which relief may be granted, and this case must be

dismissed with prejudice. *See, e.g.*, *Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994) (affirming

dismissal of § 1983 claims as frivolous based on absolute judicial immunity); *Jones v. McMillin*, No.

3:12-cv-00865-CWR-FKB, 2013 WL 1633336, at *2 (S.D. Miss. Apr. 16, 2013) (dismissing *Heck*-

barred claims "as legally frivolous and for failure to state a claim").

### A. *Heck* Bar

Guthrie's Complaint must be dismissed with prejudice under *Heck*, 512 U.S. at 486-87. A

§ 1983 claim that challenges the fact or duration of a state sentence "is barred (absent prior

invalidation) . . . if success in that action would necessarily demonstrate the invalidity of

confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S.Ct. 1242, 161 L.Ed.2d

253 (2005) (emphasis omitted). In such a case, "a § 1983 plaintiff must prove that the conviction

or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

state tribunal authorized to make such a determination, or called into question by a federal court's

issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87. "This

requirement or limitation has become known as the favorable termination rule." *Ballard v. Burton*,

444 F.3d 391, 396 (5th Cir. 2006) (quotation omitted). Where success on a § 1983 claim "will not

necessarily imply the invalidity of confinement or shorten its duration," the action may proceed.

*See Wilkinson*, 544 U.S. at 82 (citation and quotations omitted).

Success on Guthrie's claims in this case would necessarily imply the invalidity of his

conviction and sentence. His Complaint invokes "excessive incarceration" as the basis for his

3

civil-rights claim under § 1983, and he asked the Court for immediate release. [1], pp. 4-5; *see also*

*Kindrex v. City of Jackson*, No. 3:12-cv-00704-DPJ-FKB, 2013 WL 1305625, at *2 (S.D. Miss. Mar.

28, 2013) ("Success on Kindrex's claims will necessarily invalidate his . . . sentence, because he

challenges the length of that sentence."). Guthrie must therefore demonstrate that his conviction

or sentence has been reversed on direct appeal, expunged, or otherwise declared invalid or called

into question. *See Heck*, 512 U.S. at 486-87. But he admits that none of those qualifying events have

occurred. [24], p. 2. *Heck* thus bars his § 1983 claims against all Defendants, and they must be

dismissed with prejudice "as legally frivolous and for failure to state a claim," *see Jones*, 2013 WL

1633336, at *2, until the *Heck* conditions are met, *see Johnson v. McElveen*, 101 F.3d 423, 424 (5th

Cir. 1996) (directing that *Heck*-barred claims should be "dismissed with prejudice to their being

asserted again until the *Heck* conditions are met").

### B.  Alternative Grounds for Dismissal

Judge Dodson must also be dismissed as a Defendant because she enjoys absolute judicial

immunity in her role as the presiding judge over Guthrie's criminal cases. Harrison County,

Mississippi, must also be dismissed as a Defendant because Guthrie has failed to allege a policy,

practice, or custom of Harrison County that caused the alleged constitutional violation against him.

And neither MDOC nor the State of Mississippi are amenable to suit under § 1983.

#### i.   Judge Dodson

Guthrie seeks monetary relief against Circuit Court Judge Dodson for sentencing him

"four separate times . . . for the same charge." [22], p. 1. "The United States Supreme Court has

recognized absolute immunity for judges acting in the performance of their judicial duties." *Silva*,

2005 WL 2445433, at *4 (citing *Nixon v. Fitzgerald*, 457 U.S. 731, 745-46, 102 S.Ct. 2690, 73

4

L.Ed2d 349 (1982)). This immunity encompasses "any judicial act unless performed in the clear

absence of all jurisdiction." *Id.* (quotation omitted). "A judge's acts are judicial in nature if they

are normally performed by a judge and the parties affected dealt with the judge in [her] judicial

capacity." *Boyd*, 31 F.3d at 285 (quotation omitted).

Guthrie makes no allegation that Judge Dodson acted outside the scope of her judicial

duties or without jurisdiction when she sentenced him. Nor could he. Judge Dodson's decision

about "what sentence to set [is] clearly within [her] normal judicial functions." *See Thompson v.*

*Robertson*, No. 2:17-cv-00101-KS-MTP, 2017 WL 11442139, at *2 (S.D. Miss. Oct. 25, 2017); *see*

*also Lang v. City of Gulfport*, No. 1:13-cv-00012-LG-JMR, 2013 WL 3095058, at *2 (S.D. Miss. June

18, 2013) ("[A judge's] actions in sentencing the plaintiff . . . are clearly within the range of acts

normally performed by a judge."). There is no evidence that Judge Dodson sentenced Guthrie

outside the courtroom; instead, he admits that he was "arrested," "rearrested," and "went to

court" on the charges discussed in his Complaint. [24], p. 1. Consequently, Guthrie cannot

maintain this action against Judge Dodson, and she must separately be dismissed with prejudice as

immune from suit.

### ii.   Harrison County, Mississippi

"A municipality is not liable under § 1983 on the theory of respondeat superior, but instead

only for acts that are directly attributable to it through some official action or imprimatur." *James*

*v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (quotation and citation omitted). "To hold a

municipality liable under § 1983 for the misconduct of an employee, a plaintiff must show, in

addition to a constitutional violation, that an official policy promulgated by the municipality's

policymaker was the moving force behind, or actual cause of, the constitutional injury." *Id.*; *see also*

*Moneer v. Harrison Cnty. Detention Ctr.*, No. 1:07-cv-01060-LG-JMR, 2008 WL 4450255, at *3 (S.D. Miss. Sept. 29, 2008) ("Municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom."). "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.E.2d 611 (1978).

Before he named Harrison County as a Defendant, the Court asked Guthrie to "specifically allege which policies, practices, or customs . . . establish that Harrison County violated [his] constitutional rights." [10], p. 2. He included no such allegation in his response. *See* [18]. Because his pleadings are completely devoid of any such allegation, Guthrie has failed to state a claim against Harrison County, and it must separately be dismissed as Defendant too. *See Porter v. Werner*, No. 1:16-cv-00069-RHW, 2017 WL 599418, at *2 (S.D. Miss. Feb. 14, 2017) (dismissing the City of Gulfport as a defendant, in part, because the plaintiff "failed to identify a municipal custom or policy that resulted in his alleged constitutional deprivations").

### iii.    MDOC and the State of Mississippi

MDOC and the State of Mississippi are not subject to suit under § 1983. "The State of Mississippi . . . 'is not a person within the meaning of § 1983' and is thus not amenable to suit under the statute." *Durand v. Probation and Parole*, No. 1:22-cv-00070-HSO-BWR, 2022 WL 4371000, at *2 n.2 (S.D. Miss. Sept. 21, 2022) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 109 S.Ct. 2304, 105 L.E.2d 45 (1989)). "This holding also applies to governmental entities that are considered arms of the state for Eleventh Amendment purposes." *Id.* (quotation omitted). Because "MDOC is considered an arm of the State for purposes of Eleventh Amendment

immunity, [it] cannot be sued as a person under Section 1983" either. *Id.* (citing *Joiner v. Miss. Dep't of Corr.*, No. 1:19-cv-00014-HSO-JCG, 2019 WL 4228437, at \*3 (S.D. Miss. Sept. 5, 2019).

### III.   CONCLUSION

Having considered the entire record and applicable law, the Court dismisses this civil action as frivolous and for failure to state a claim under *Heck*, 512 U.S. 486-87. Each Defendant is also separately dismissed for an alternative reason.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) until the *Heck* conditions are met. *See Johnson*, 101 F.3d at 424 (directing that *Heck*-barred claims should be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this civil action is separately **DISMISSED WITH PREJUDICE** against each Defendant for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Guthrie is advised that, if he receives three strikes, "he may not proceed [*in forma pauperis*] in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." *Adongo v. Tex.*, 124 F. App'x 230, 232 (5th Cir. 2005) (citing 28 U.S.C. § 1915(g)). A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**THIS, the 10th day of November, 2022.**

                                   **TAYLOR B. McNEEL**
                                   **UNITED STATES DISTRICT JUDGE**